# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Cause No.: ) |
| GABRIELLE NAUNHEIM, | ) ) |
| Serve: 8 Osperey Way<br>O'Fallon, MO 63368-8039 | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Nationwide Insurance Company of America ("Nationwide"), by and through the undersigned counsel pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, hereby states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Nationwide is a foreign corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Columbus, Ohio, and authorized to do business in the State of Missouri.

2. Defendant Gabrielle Naunheim is and was at all times relevant herein a citizen of the State of Missouri.

3. Nationwide is seeking a determination from this Court of its rights and obligations under an automobile liability policy of insurance issued to Defendant under 28 U.S.C. § 2201. Subject-matter jurisdiction is proper with this Court under 28 USC § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is proper with this Court under 28 USC § 1391(a) because a substantial part of the events or omissions giving rise to this action occurred within this District.

## GENERAL ALLEGATIONS

5. Nationwide brings this action seeking the interpretation of an insurance policy issued by Nationwide to Defendant and a declaration of the parties' rights and obligations thereunder.

6. Nationwide issued to Defendant Gabrielle Naunheim an insurance policy with effective dates of March 14, 2017 through September 14, 2017, listing one vehicle and bearing Policy No. PPNM0065578830-0 (the "Policy"). A copy of said policy is attached hereto as Exhibit A and incorporated by reference as if fully set forth herein.

7. Subject to certain provisions, conditions, and exclusions, the policy provides underinsured motorist (UIM) coverage to Defendant as the named insured.

8. Subject to the terms, conditions and limitations of the policy, the policy declarations identify an each person UIM limit of liability of $100,000.00.

9. The policy contains the following relevant provisions:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
**UNDERINSURED MOTORISTS COVERAGE – MISSOURI**

With respect to the coverage provided by this endorsement, the provisions of the policy apply unless modified by the endorsement.

**UNDERINSURED MOTORISTS COVERAGE**

**INSURING AGREEMENT**

A.  We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

1. Sustained by an "insured"; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle."

We will pay under this coverage only if 1. or 2. Below applies:

1. The limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle" have been exhausted by payment of judgments or settlements; or
2. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:

   a. Have been given prompt written notice of such tentative settlement; and
   b. Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

\*\*\*

C.  "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage…"

\*\*\*
                                        \*\*\*

10. On or about May 22, 2017, Defendant Gabrielle Naunheim was driving her 2017 Chevrolet Sonic LT listed on the Nationwide policy.

11. Defendant claims that she sustained bodily injuries on that date when her vehicle collided with a 2005 Jeep Cherokee operated by Kenneth Nienhaus, in Richmond Heights, St. Louis County, Missouri.

3

12. At the time of the accident, Kenneth Nienhaus was operating a 2005 Jeep Cherokee, owned by Daniel Dahmer and insured under an automobile liability insurance policy issued by State Farm.

13. The automobile liability policy issued by State Farm and covering the Jeep Cherokee afforded liability coverage for Ms. Naunheim's claim with each person bodily injury liability limits of one hundred thousand dollars and no cents, ($100,000.00).

14. In addition, Mr. Nienhaus was insured by his own auto liability insurance carrier affording him an additional each person bodily injury liability limit of fifty thousand dollars and no cents, ($50,000.00).

15. In total, there was at least $150,000.00 in each person bodily injury liability limits that applied to the 2005 Jeep Cherokee that caused the alleged accident at issue in this case.

16. Upon information, investigation and belief, the full $150,000.00 each person limit of bodily injury liability insurance has been extended to Ms. Naunheim in settlement as a result of the accident.

17. Defendant seeks UIM benefits from Plaintiff and has demanded payment of the full $100,000.00 each person UIM limit under the Nationwide policy.

18. UIM coverage is not available for the claim at issue under the unambiguous terms and provisions of the Nationwide policy because the at-fault vehicle, the 2005 Jeep Cherokee, does not meet the policy definition of "underinsured motor vehicle", because the Cherokee did not have each person bodily injury liability limits **less than** the limits of each person UIM coverage under the Nationwide policy.

**GROUNDS FOR DECLARATORY RELIED**

19. An actual case or controversy of a justiciable nature exists between Nationwide and Defendant concerning the rights and obligations of each party under the policy, and litigation as to this controversy is inevitable and imminent.

20. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between these parties.

21. All necessary and proper parties are before the Court with respect to the matters in controversy.

22. Nationwide has no adequate remedy at law.

23. In total, the at-fault vehicle was covered by auto liability policies affording $150,000.00 in each person bodily injury limits for the claim at issue.

24. The Nationwide Policy provides each person UIM limits in the amount of $100,000.00.

25. With regard to Underinsured Motorist Coverage, the Nationwide policy provides:

We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

    1. Sustained by an "insured"; and
    2. Caused by an accident.

26. As set forth above, the Nationwide policy defines **underinsured motor vehicle**, as follows:

"Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is **less than** the limit of liability for this coverage…"

27. The available liability limits for the 2005 Jeep Cherokee, the alleged "underinsured motor vehicle", are not *less than* the UIM limits stated in Nationwide's declarations, but instead exceed the Nationwide UIM limits.

5

28. Under the express terms of the policy, the at-fault Jeep Cherokee was not "underinsured" such that UIM coverage under the Nationwide policy has not been triggered and no coverage is owed to Defendant by Nationwide in this matter.

29. As the each person bodily injury liability limits under the available liability policies exceed the per person underinsured motorist limits of the Nationwide policy, no underinsured motorist coverage is owed under Nationwide's policy to Defendant.

30. In the alternative, if the full $150,000.00 each person limit of bodily injury liability insurance has not been extended to Ms. Naunheim in settlement as represented to Nationwide to date, then UIM coverage has not been triggered under the Nationwide policy in the first place because Defendant has not exhausted the limits of liability under any bodily injury liability bonds or policies applicable to the "underinsured motor vehicle" by payment of judgments or settlements.

31. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between Nationwide and Defendant under the Policy.

WHEREFORE, Plaintiff Nationwide Insurance Company of America respectfully requests this Court to declare the rights and obligations of the parties under the Policy issued to Defendant and to enter judgment for Nationwide, adjudging and declaring:

A. The 2005 Jeep Cherokee operated by Kenneth Nienhaus does not meet the policy definition of "underinsured motor vehicle," as the each person bodily injury liability limits applicable to Mr. Niehaus and the Cherokee exceed the per person underinsured motorist limits of the Nationwide Policy by $50,000.00.

B. As Mr. Dahmer's vehicle was not "underinsured," no amount is owed under the Nationwide Policy for underinsured motorist coverage.

      C.      That Nationwide is entitled to such other and further relief as the Court deems just and proper under the circumstances.

      Nationwide demands a trial by jury on all issues in this matter.

      Respectfully Submitted,

      BROWN & JAMES, P.C.

      */s/     Russell F. Watters*
      Russell F. Watters, #25758
      Lucas J. Ude, #66288
      800 Market Street, Suite 1100
      St. Louis, Missouri 63101-2501
      314-421-3400
      314-421-3128 – FAX
      rwatters@bjpc.com
      lude@bjpc.com
      Attorneys for Plaintiff

#25913067.1