UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE INSURANCE COMPANY<br>OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-00899 JCH |
| | ) | |
| GABRIELLE NAUNHEIM, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Gabrielle Naunheim's ("Naunheim" or

"Defendant") Motion to Dismiss or Stay Proceedings.  Doc. [17].  Plaintiff Nationwide Insurance

Company of America ("Nationwide" or "Plaintiff") responded in opposition to the motion, Doc.

[24], Defendant replied, Doc. [26], Plaintiff filed a surrpely, Doc. [31], and the matter is fully

briefed and ripe for disposition.  For the reasons set forth below, Defendants motion to stay will

be granted.

**I.      Factual and Procedural Background**

This declaratory judgment action arises out of an automobile collision that occurred on

May 22, 2017, involving Defendant's vehicle and another vehicle driven by Kenneth Neinhaus.

At the time of the collision, Defendant held an automobile insurance policy through Nationwide,

which included underinsured motorist ("UIM") coverage for her vehicle.  Defendant filed a

negligence action against the other driver in the Circuit Court of St. Louis County, Missouri.  On

March 10, 2020, while that state action was pending, Nationwide concluded that the vehicle

driven by Mr. Neinhaus did not meet the definition of "underinsured motor vehicle" in the policy

and denied Naunheim's claim for UIM coverage.   Naunheim made multiple subsequent

demands to Nationwide for UIM coverage, all of which were denied.  Finally, on March 22,

2021, Naunheim's counsel requested from Nationwide Naunheim's entire claim file in order,

Defendant asserts, to file a vexatious refusal action against Nationwide with respect to its denial

of UIM coverage.  After Naunheim requested her claim file, Nationwide filed this declaratory

judgment action in federal court, seeking a declaration as to its liability for UIM coverage under

the policy.

On October 11, 2021, Nationwide filed a motion for summary judgment in the instant

action.  On October 15, 2021, Naunheim filed a petition against Nationwide in the Circuit Court

of St. Louis County seeking UIM benefits under the Nationwide policy and alleging vexatious

refusal to pay against Nationwide.  Also on October 15, 2021, Defendant filed the instant

motion, moving this Court to dismiss the action, or in the alternative, to stay and abstain from

hearing the case, in light of the pending state action.  In support of its motion, Defendant relies

on the *Brillhart-Wilton* abstention doctrine articulated in *Brillhart v. Excess Ins. Co. of Am.,* 316

U.S. 491 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  Pursuant to this doctrine, a

federal district court may abstain from hearing an action when there is a sufficiently related and

concurrently pending state court action.

## II.     Discussion

 "Generally, a federal district court must exercise its jurisdiction over a claim unless there

are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426

F.3d 994, 996 (8th Cir. 2005) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,

460 U.S. 1, 16-19 (1983)); *see also Colo. River Water Conservation Dist. v. United States*, 424

U.S. 800, 817-18 (1976) (stating that federal courts have a "virtually unflagging obligation . . . to

exercise the jurisdiction given them"). This general rule, however, yields to practical

considerations and substantial discretion when the federal complaint seeks a declaration pursuant

to the Declaratory Judgment Act, 28 U.S.C. §2201(a). *See Wilton v. Seven Falls Co.*, 515 U.S.

277, 282 (1995). The Declaratory Judgment Act confers on federal district courts "unique and

substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. "This

broader discretion arises out of the Declaratory Judgment Act's language that a court '*may*

declare the rights and other legal relations of any interested party seeking such declaration.'"

*Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792 (2008) (emphasis in original) (quoting 28

U.S.C. § 2201(a)).

The Supreme Court in *Wilton* emphasized that the Declaratory Judgment Act is properly

characterized as "an enabling Act, which confers a discretion on the courts rather than an

absolute right upon the litigant." 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v.*

*Wycoff Co.,* 344 U.S. 237, 241 (1952)). "In the declaratory judgment context, the normal

principle that federal courts should adjudicate claims within their jurisdiction yields to

considerations of practicality and wise judicial administration." *Id*. at 288. The Supreme Court

has cautioned that "ordinarily it would be uneconomical as well as vexatious for a federal court

to proceed in a declaratory judgment suit where another suit is pending in a state court presenting

the same issue, not governed by federal law, between the same parties." *Wilton*, 515 U.S. at 282.

Accordingly, the Declaratory Judgment Act gives district courts discretion to determine

whether to exercise jurisdiction in a declaratory judgment action or to abstain in favor of a state

court proceeding. The scope of a district court's discretion to abstain from exercising

jurisdiction under the Declaratory Judgment Act depends upon whether there exists a "parallel"

state court action pending at the same time as the declaratory judgment action. *Scottsdale*, 426

F.3d at 999.  When a parallel state court action is pending, a district court enjoys broad discretion to abstain, guided by considerations of judicial economy.  *Id*. at 997.  Where a declaratory action has some relation to an underlying state action but is not "parallel" to it, the considerations of practicality and wise judicial administration that allow a district court greater discretion under *Wilton* are somewhat diminished.  *Id*. at 996 (citing *Wilton*, 515 U.S. at 290).  The threshold issue for identifying the extent of a district court's discretion to abstain, then, is the determination of whether the federal and state suits are parallel.

"Suits are parallel if substantially the same parties litigate substantially the same issues in different forums."  *Id*. at 997 (internal quotation omitted).  Defendant contends that this action and the underlying state action are parallel because the parties and claims are the same in both actions, both involve the same insurance policy governed by the same state law, and both involve the identical ultimate issue—whether there is UIM coverage under the policy.  Additionally, there are no issues of federal law.  Naunheim argues, then, that the Court should exercise its discretion under the *Brillhart-Wilton* abstention doctrine to dismiss or stay this action in favor of the underlying state court action.[1]

Plaintiff responds that there is no parallel state action, as Naunheim's state court case was not yet filed when Nationwide filed this declaratory judgment action, and because at the time Defendant filed the instant motion, Nationwide had not yet been served in the state court case.

---

[1]  Defendant also asserts that this Court lacks subject matter jurisdiction altogether, because she filed a binding stipulation that she will neither seek nor accept an amount in damages that exceeds $74,999.00.  *See* Doc. [26-6].  However, at the time Nationwide filed this action in federal court, Naunheim had not yet filed that stipulation, and she had at all prior relevant times been seeking the policy limits of $100,000.  Accordingly, when Nationwide filed this action, federal diversity existed, as the amount in controversy requirement was met.  It is well established that the requirements for diversity jurisdiction must be satisfied at the time of filing, and subsequent events reducing the amount in controversy do not destroy jurisdiction.  *See Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC,* 620 F.3d 926, 931 (8th Cir. 2010).  Had Defendant filed her stipulation prior to the date Plaintiff filed this action, it would have defeated jurisdiction, but, as she filed it some months after that date, it does not have the same effect.

Accordingly, Plaintiff argues, the *Brillhart-Wilton* standard is not even applicable in this matter.

In support of this argument, Plaintiff cites to *Scottsdale*, 426 F.3d at 996, which states that the

threshold issue the court must determine in deciding whether the abstention doctrine applies is

"whether parallel proceedings were pending in state court at the time [the insurer] brought its

declaratory judgment action."  Plaintiff also argues that even if the Court determines that the

cases are parallel and the *Brillhart-Wilton* abstention doctrine applies, abstention would

nonetheless be improper for several reasons:  the federal suit was filed first; judicial efficiency

and economy would be served by retaining jurisdiction because the federal suit is further

advanced and has a motion for summary judgment pending; there is no danger of inconsistent

rulings as applicable state law is settled; and Defendant's motion to stay or dismiss is an

improper attempt at forum shopping or procedural gamesmanship.

Plaintiff's contention that there is no parallel state action is without merit.  In *Wilton*

itself, the respondent filed its state court action a month after the petitioner had filed its federal

declaratory action case.  Even though the state action was not pending when the federal suit was

filed, the Supreme Court nonetheless held that it was appropriate to stay the action for

declaratory relief, as there were "parallel proceedings, presenting opportunity for ventilation of

the same state law issues . . . underway in state court."  515 U.S. at 290.  The Eighth Circuit has

similarly held that the *Brillhart-Wilton* abstention analysis is properly based on the state of

proceedings as they exist at the time abstention is considered by the district court, and not at the

time the claim for declaratory relief was filed.  *See Royal Indemnity Co. v. Apex Oil Co., Inc.,*

511 F.3d 788, 792 (8th Cir. 2008) (affirming district court's decision to apply *Brillhart-Wilton*

abstention analysis even though the state suit did not become parallel to the federal suit until

certain defendants were joined in the state action, which occurred some months after the

5

declaratory judgment action was filed).  Therefore, it is not determinative that the state court

action was not filed when Plaintiff brought its federal claim.  For the same reasons, it does not

change this Court's analysis that Plaintiff was not yet served in the state action when Defendant

brought its motion to dismiss.  Plaintiff has now been properly served in the state action, and, as

explained above, this Court conducts the *Brillhart-Wilton* abstention analysis based on the state

of the proceedings as they presently exist.

The Court concludes that the state court action and the instant claim for declaratory relief

are parallel.  They both involve the same parties and the same issues regarding the same

insurance policy.  Additionally, because the interpretation of insurance policies is governed by

state law, the same Missouri law applies in both actions.

Where there is a parallel state proceeding, the Eighth Circuit has instructed that a district

court's "key consideration . . . is 'to ascertain whether the issues in controversy between the

parties to the federal action . . . can be better settled by the state court' in light of the 'scope and

nature of the pending state court proceeding.'" *Evanston Ins. co. v. Johns*, 530 F.3d 710, 713 (8th

Cir. 2008).  If the issues would be better settled in the pending state court proceeding, "it would

be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment

suit where another suit is pending in a state court presenting the same issues, not governed by

federal law, between the same parties." *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874-

75 (8th Cir. 2000) (citing *Brillhart*, 316 U.S. at 495.

Here, a parallel state court action is pending that presents the same issues between the

same parties.  Under these circumstances, "the normal principle that federal courts should

adjudicate claims within their jurisdiction yields to considerations of practicality and wise

judicial administration." *Wilton*, 515 U.S. at 288.  Both actions are governed solely by state

law.  Thus, the state court is in the better position to adjudicate the matter.  Additionally,

Plaintiff's argument that this Court should retain jurisdiction because the federal action is

more procedurally advanced than the state action is unpersuasive.  It is true that Plaintiff has

filed a motion for summary judgment in the instant action.  However, Plaintiff filed that

motion before discovery had taken place, indeed, before even a Rule 16 conference has been

held and before a case management order has been entered in this matter.  This action, like the

state action, is in its infancy.  Allowing this action to continue in federal district court is

unnecessarily duplicative and uneconomical, runs the risk of inconsistent findings, and would

constitute a waste of judicial resources.  There is no compelling justification for requiring the

courts or the parties to expend time and resources exploring similar issues in two different

fora.  Therefore, the Court will abstain from the exercise of jurisdiction at this time.

The Court further concludes that this case should be stayed rather than dismissed.

"[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will

often be the preferable course, because it assures that the federal action can proceed without

risk of a time bar if the state case . . . fails to resolve the matter in controversy."  *Wilton*, 515

U.S. at 288 n.2; *International Assoc. of Entrepreneurs v. Angoff*, 58 F.3d 1266, 1271 (8th Cir.

1995) (a stay rather than dismissal is the preferred mode of abstention where the possibility of

a return to the federal court remains). To the extent the issues in this matter remain unresolved

at the conclusion of the state action, Plaintiff may seek to pursue the instant declaratory

judgment action in this Court

Accordingly,

7

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or to Stay the Proceedings (Doc. [15]) on the basis of *Wilton-Brillhart* abstention is **GRANTED** to the extent the Court will abstain from this case, and the matter is hereby **STAYED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. [14]) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Rule 16 Conference currently set for December 7, 2021, is vacated.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall **administratively close** this case, which may be reopened on the motion of either party.  Any motion to reopen shall include a statement of all relevant proceedings that occurred in the underlying state action.


Dated this 1st day of December, 2021.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE